IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00911-BNB

MICHAEL MILLIGAN,

    Plaintiff,

v.

BILL REED,
NATHAN ALGIEN,
JOHN DOE, and
ENDRE SAMU, in their individual capacities,

    Defendants.



FILED
UNITED STATES DISTRICT COURT

DEC 20 2006

C... ...GHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Michael Milligan filed *pro se* on December 5, 2006, a motion titled "Motion to Alter or Amend Order and Judgment." Mr. Milligan asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal entered on November 21, 2006. The Court must construe the motion to reconsider liberally because Mr. Milligan is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Milligan filed the motion to reconsider within ten days after the

Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the second amended complaint and the instant action for failure to exhaust the Colorado Department of Corrections' (DOC) three-step, administrative-grievance procedure as to each asserted claim. The reasons for the dismissal are discussed in detail in the November 21, 2006, Order and Judgment of Dismissal. The November 21 order should have stated that the dismissal was without prejudice, and this order will correct that inadvertent error.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Milligan fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Milligan does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Milligan failed to exhaust the DOC's three-step, administrative-grievance procedure as to each asserted claim. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Alter or Amend Order and Judgment" that Plaintiff Michael Milligan filed *pro se* on December 5, 2006, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that page five of the Order and Judgment of Dismissal

entered on November 21, 2006, is corrected to indicate that the dismissal was without prejudice.

DATED at Denver, Colorado, this 19 day of Dec., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00911-BNB

Michael Milligan
Prisoner No. 42327
Fremont Correctional Facility
PO Box 999 - Unit 4-E-1
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/20/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk