IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00911-BNB

MICHAEL MILLIGAN,

    Plaintiff,

v.

BILL REED,
NATHAN ALGIEN,
JOHN DOE,
ENDRE SAMU, in their individual capacities,

    Defendants.



F I L E D
UNITED STATES DISTRICT COURT
            COLORADO

JUN 1 4 2007

GREGORY C. LANGHAM
            CLERK

## ORDER DENYING BILL OF COSTS

This matter is before the Court on the bill of costs, titled "Plaintiff-Appellant's Bill of Costs Pursuant to Fed. R. App. P. 39(e)," that Plaintiff Michael Milligan submitted to and filed with the Court *pro se* on June 12, 2007.

On November 21, 2006, this Court entered an order and judgment dismissing Mr. Milligan's second amended complaint and the instant action for failure to exhaust the Colorado Department of Corrections' three-step, administrative-grievance procedure. On June 7, 2007, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) entered its mandate in *Milligan v. Reed*, No. 07-1024 (10th Cir. June 7, 2007), vacating the November 21 dismissal order and judgment, and remanding the action for further proceedings in accordance with *Jones v. Bock*, 127 S. Ct. 910 (2007), a precedent that did not exist at the time this Court entered its judgment.

In the bill of costs, Mr. Milligan relies upon 28 U.S.C. § 1920 (2006) and Rule

39(e) of the Federal Rules of Appellate Procedure to seek reimbursement for his costs incurred in prosecuting this case, including $455.00 in appellate filing and docket fees, and $36.83 in appellate and district court copying and postage charges. On June 4, 2007, the Tenth Circuit denied Mr. Milligan reimbursement of the costs incurred in prosecuting his appellate case.

Recovery of costs is authorized by 28 U.S.C. § 1920. However, Mr. Milligan's reliance upon Fed. R. App. P. 39(e), an appellate federal rule, is misplaced. Rule 54(d)(1) of the Federal Rules of Civil Procedure allows for the prevailing party in a civil action before this Court to recover costs, other than attorney's fees, after entry of final judgment. The bill of costs must comply with the requirements of D.C.COLO.LCivR 54.1. Title 28 U.S.C. § 1915(f)(1) (2006) permits litigants proceeding *in forma pauperis*, such as Mr. Milligan, to receive a judgment for costs "at the conclusion of the suit or action as in other proceedings." Because the Tenth Circuit mandate vacated the November 21, 2006, order and judgment, and remanded the action to the district court for further proceedings, this suit is not concluded and there is no final judgment. To the extent Mr. Milligan seeks reimbursement for costs taxable in the district court, the bill of costs is denied without prejudice as premature. Accordingly, it is

ORDERED that Plaintiff Michael Milligan's bill of costs is denied as premature.

DATED June 14, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00911-BNB

Michael Milligan
Prisoner No. 42327
Fremont Correctional Facility
PO Box 999 - Unit 4-E-1
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/14/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk