IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00911-WYD-MJW

MICHAEL MILLIGAN,

    Plaintiff,

v.

BILL REED,
NATHAN ALGIEN,
JOHN DOE, and
ENDRE SAMU, in their individual capacities,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Defendants Motion to Dismiss and Plaintiff's Motion Requesting Findings of Fact and Conclusions of Law on the Defendant's [sic] Motion to Dismiss. These motions were referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated July 9, 2007, and Memoranda dated September 21, 2007, and June 12, 2008. Magistrate Judge Watanabe issued a Recommendation and Order on August 20, 2008, recommending that Defendants' Motion to Dismiss be granted in part and denied in part and ordering that Plaintiff's motion be denied as moot.

Specifically, Magistrate Judge Watanabe considered the allegations of Plaintiff's Second Amended Prisoner Complaint and noted that Plaintiff raises the following seven claims: (1) due process violations under the Fourteenth Amendment as a result of the classification and transfer based upon defendant Reed's circumvention of CDOC

policies and Administrative Regulation 600-01 to retaliate against plaintiff for written complaints filed with the Associate Warden; (2) the transfer was in retaliation by Reed and Algien for the two written complaints sent by plaintiff and other prisoners, which was a protected act under the First Amendment; (3) deliberate indifference in violation of the Eighth Amendment by defendant Algien as a result of his transfer which placed plaintiff into an environment of potential and substantial risk of harm and imminent danger from violence at the hands of gang members who had threatened to kill plaintiff at AVCF; (4) defendant John Doe transferred plaintiff to Limon Correctional Facility ("LCF") in retaliation for filing this action; (5) defendant John Doe transferred plaintiff to LCF which constituted deliberate indifference in violation of the Eighth Amendment because Doe knew he was placing plaintiff into an environment of potential and substantial risk of harm and imminent danger from violence at the hands of a certain inmate gang member who was a documented custody issue for the plaintiff; (6) retaliation by defendant Samu when he wrote a false disciplinary charge against plaintiff; and (7) deliberate indifference by defendant Samu when he forced plaintiff into general population with a certain inmate gang member with whom plaintiff had a documented custody issue. *See* Recommendation at 3-4.

As to those claims, Magistrate Judge Watanabe recommended that Defendants' Motion to Dismiss be granted as to Plaintiff's first claim for relief based on due process as Plaintiff "has not alleged facts which show that such actions by defendants imposed atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* at 9. As to the retaliation and First Amendment claims, Magistrate Judge Watanabe found that Plaintiff did not state a First Amendment claim and that Claim Two for retaliation

regarding Plaintiff's first transfer should be dismissed (*id.* at 12-13). However, he found that Plaintiff's sixth claim for relief relating to a false disciplinary charge should not be dismissed at this stage of the litigation because Plaintiff has adequately stated a claim for relief. *Id.* at 13. Magistrate Judge Watanabe also found that Plaintiff has stated Eighth Amendment claims in claims three and seven that withstand a motion to dismiss. *Id.* at 15. As to damages, he found that Plaintiff's claim for compensatory damages under the PLRA was barred since he did not allege a physical injury but that his claim for nominal and punitive damages survived dismissal. *Id.* at 18. He further found that Plaintiff's claim for declaratory and injunctive relief should not be dismissed at this time. *Id.* As to Defendants' assertion of qualified immunity, Magistrate Judge Watanabe found that they are not entitled to qualified immunity as to claims three (Defendant Algien), six and seven (Defendant Samu) at this time. *Id.* at 20. Finally, he recommended that the claims against the John Doe Defendants be dismissed *sua sponte* based on the statute of limitations (claims four and five), and ordered that Plaintiff's motion for findings of fact and conclusions of law be denied as moot. *Id.* at 20-22.

Magistrate Judge Watanabe advised the parties that written, specific objections were due within ten (10) days after service of the Recommendation. *Id.* at 22-23. Despite the advisement in the Recommendation, no objections have been filed. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Watanabe's Recommendation is well reasoned and sound and that the Motion to Dismiss should be granted in part and denied in part for the reasons noted in the Recommendation.

Based on the foregoing, it is

ORDERED that the Recommendation on Defendants' Motion to Dismiss (Docket No. 62) and Order on Motion Requesting Findings of Fact and Conclusions of Law on the Defendant's [sic] Motion to Dismiss (Docket No. 80) filed August 20, 2008, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss (Doc. # 62 filed September 21, 2007) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Motion to Dismiss is **GRANTED** as to claims one, two, four, and five, any claim for compensatory damages, and the John Doe Defendants, and these claims are **DISMISSED WITH PREJUDICE**.  The Motion to Dismiss is **DENIED** as to claims three, six, and seven.  It is

FURTHER ORDERED that Plaintiff's Motion Requesting Findings of Fact and Conclusions of Law on the Defendant's [sic] Motion to Dismiss (Doc. # 80 filed June 11, 2008) is **DENIED AS MOOT**.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

Dated: September 8, 2008

          BY THE COURT:


          s/ Wiley Y. Daniel
          Wiley Y. Daniel
          U. S. District Judge