IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00911-WYD-MJW

MICHAEL MILLIGAN,

    Plaintiff,

v.

BILL REED,
NATHAN ALGIEN,
JOHN DOE, and
ENDRE SAMU, in their individual capacities,

    Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART THE
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion Requesting Findings of Fact and Conclusions of Law on the Defendant's [sic] Motion to Dismiss. These motions were referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated July 9, 2007, and Memoranda dated September 21, 2007, and June 12, 2008. Magistrate Judge Watanabe issued a Recommendation and Order on August 20, 2008, recommending that Defendants' Motion to Dismiss be granted in part and denied in part and ordering that Plaintiff's motion be denied as moot.

Specifically, Magistrate Judge Watanabe considered the allegations of Plaintiff's Second Amended Prisoner Complaint and noted that Plaintiff raises the following seven claims: (1) due process violations under the Fourteenth Amendment as a result of the classification and transfer based upon defendant Reed's circumvention of CDOC

policies and Administrative Regulation 600-01 to retaliate against plaintiff for written complaints filed with the Associate Warden; (2) the transfer was in retaliation by Reed and Algien for the two written complaints sent by plaintiff and other prisoners, which was a protected act under the First Amendment; (3) deliberate indifference in violation of the Eighth Amendment by defendant Algien as a result of the transfer which placed plaintiff into an environment of potential and substantial risk of harm and imminent danger from violence at the hands of gang members who had threatened to kill plaintiff at AVCF; (4) defendant John Doe transferred plaintiff to Limon Correctional Facility ("LCF") in retaliation for filing this action; (5) defendant John Doe transferred plaintiff to LCF which constituted deliberate indifference in violation of the Eighth Amendment because Doe knew he was placing plaintiff into an environment of potential and substantial risk of harm and imminent danger from violence at the hands of a certain inmate gang member who was a documented custody issue for the plaintiff; (6) retaliation by defendant Samu when he wrote a false disciplinary charge against plaintiff; and (7) deliberate indifference by defendant Samu when he forced plaintiff into general population with a certain inmate gang member with whom plaintiff had a documented custody issue. *See* Recommendation at 3-4.

I first address the claims that Magistrate Judge Watanabe recommended Defendants' Motion to Dismiss be denied as to. He found that Plaintiff's sixth claim for relief relating to a false disciplinary charge should not be dismissed at this stage of the litigation because Plaintiff has adequately stated a claim for relief. *Id.* at 13. Magistrate Judge Watanabe also found that Plaintiff has stated Eighth Amendment claims in claims three and seven that withstand a motion to dismiss. *Id.* at 15. As to damages, he found

that Plaintiff's claim for compensatory damages under the PLRA was barred since he did not allege a physical injury but that his claim for nominal and punitive damages survived dismissal. *Id.* at 18. He further found that Plaintiff's claim for declaratory and injunctive relief should not be dismissed at this time. *Id.* As to Defendants' assertion of qualified immunity, Magistrate Judge Watanabe found that they are not entitled to qualified immunity as to claims three (Defendant Algien), six and seven (Defendant Samu) at this time. *Id.* at 20. Magistrate Judge Watanabe also ordered that Plaintiff's motion for findings of fact and conclusions of law be denied as moot. *Id.* at 20-22.

No objections were filed to this portion of the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, I have reviewed this portion of the Recommendation and find "no clear error on the face of the record."[1] *SEE* FED. R. CIV. P. 72(b) Advisory Committee Notes. Indeed, I am satisfied that Magistrate Judge Watanabe's Recommendation as to the claims that should survive Defendants' Motion to Dismiss is well reasoned and sound. This portion of the Recommendation is thus affirmed.

I now turn to the portion of the Recommendation which recommended that Defendants' Motion to Dismiss be granted as to certain claims. On September 9, 2008, Plaintiff filed an Objection as to that portion of the Recommendation. I issued an Order on September 11, 2008, indicating I would consider that Objection even though I

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

thought it was probably untimely. The Objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

I first address Claim One, a due process claim. Magistrate Judge Watanabe recommended that this claim be dismissed because Plaintiff "has not alleged facts which show that such actions by defendants imposed atypical and significant hardship in relation to the ordinary incidents of prison life." Recommendation at 9. He further found that it is well established that an inmate has no justifiable expectation that he will be incarcerated in any particular prison. *Id.* Plaintiff objects, asserting that he alleged facts which support this claim.

Plaintiff argues that Defendant Reed's actions in denying Plaintiff procedural and substantive due process and in circumventing the classification procedures were done as an act of retaliation for Plaintiff exercising his First Amendment rights to regress a grievance with the Associate Warden. Plaintiff cites authority that it is clearly established that prison officials may not retaliate against an inmate for exercising his First Amendment rights to petition for a redress of grievance. He also argues that it is well established that an act in retaliation for exercising a constitutionally protected right is actionable under 42 U.S.C. § 1983 even if the act, when taken for a different reason, would have been proper. Plaintiff asserts that retaliation in any form is an atypical and significant hardship. Accordingly, Plaintiff asserts that his allegations are sufficient to withstand the motion to dismiss.

I overrule the Objections as to this claim. As Magistrate Judge Watanabe correctly notes, Plaintiff does not show that the transfer at issue imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Indeed, "'the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence,' . . . and does not involve an interest independently protected by the Due Process Clause." *Jordan v. Fed. Bur. of Prisons*, 191 Fed. Appx. 639, 650 (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Plaintiff's argument that one cannot be retaliated against for exercising First Amendment rights does not implicate due process, nor has he shown that he has a liberty interest which is the subject of a due process claim. Accordingly, I find no merit to Plaintiff's Objections as to Claim One.

I now turn to Claim Two, a retaliation claim based on the First Amendment. This claim asserts that Plaintiff was transferred out of Fort Lyon Correctional Facility ("FLCF") in retaliation by Reed and Algien for the two written complaints sent by Plaintiff and other prisoners, which Plaintiff alleges was a protected act under the First Amendment. *See* Recommendation at 11. Magistrate Judge Watanabe found that Plaintiff did not state a First Amendment claim and that this claim regarding Plaintiff's first transfer should be dismissed (*id*. at 12-13).

More specifically, while the Recommendation noted that prison officials may not retaliate against or harass an inmate in retaliation for the exercise of an inmate's rights, even where the action taken in retaliation would be otherwise permissible, it also noted that a prisoner must show that the challenged actions would not have occurred "but for"

a retaliatory motive. Recommendation at 10-11. Magistrate Judge Watanabe found that Plaintiff did not state a First Amendment claim because he found that corrections officials construed Plaintiff's actions as an attempt to create unrest among other inmates, something they believed FLCF was not equipped to deal with. *Id.* at 12. Accordingly, he found that the officials transferred plaintiff before additional problems and facility disruption occurred, not because of any retaliatory motive. *Id.* He further found that prisoners' First Amendment associational rights must give way to the reasonable considerations of penal management. *Id.* Accordingly, he recommended dismissal of this claim, citing *Beierle v. Zavares*, 2000 WL 757725, *6 (10th Cir. 2000) (Plaintiff's retaliation claims were conclusory and thus may be subject to dismissal upon the defendants filing of a motion to dismiss or properly-supported summary judgment motion.) *See* Recommendation at 12-13.

Plaintiff objects, asserting that Magistrate Judge Watanabe selectively applies and/or disregards the evidence in the Reed memo relied on in the Recommendation which stated, "We have received two letters that we believe were written by Inmate Milligan which I have attached to this letter. . . . " Plaintiff asserts that it may inferred that the letters were the probable cause of his transfer and that the transfer was in retaliation for exercising his First Amendment rights. He further argues that it is clearly established that although a prisoner has no constitutional right to remain in any particular prison, prison officials cannot punish a prisoner for exercising First Amendment rights in redressing grievances about conditions of confinement through a facility transfer. Plaintiff argues that while his assertion about the retaliatory transfer could be considered conclusory and subject to dismissal, he has supported this

allegation with a chronological list of events which may be read as providing support for an inference of retaliation, including the memo by Defendant Reed requesting Plaintiff's transfer which was submitted outside the normal established procedures for requesting a transfer. Plaintiff concludes that the circumstantial evidence he produced makes the existence of retaliatory motive a jury question.

I sustain the Objection, and reject the recommendation to dismiss this claim. Construing the evidence in the light most favorable to Plaintiff as I must for purposes of the motion to dismiss, I find that Plaintiff has stated facts which may support a plausible retaliation claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Tenth Circuit has noted that "because the ultimate fact of retaliation turns on defendant's state of mind, it is particularly difficult to establish by direct evidence." *Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990). Circumstantial evidence thus can support a retaliation claim, as long as it could support an inference whereby a reasonable jury could find for the plaintiff. *Id*.

In this case, Plaintiff has shown that his transfer occurred shortly after he complained and shortly after the Reed memo was sent which acknowledges the receipt of the complaint letters. Further, Plaintiff alleges that Defendants did not follow the normal established procedures for requesting a transfer. Finally, the Reed memo refers to the fact that Plaintiff was attempting to create unrest among the other inmates. This could be read to suggest that the "unrest" it is referring to are the complaints by Plaintiff about his conditions. Transferring Plaintiff because of such complaints could thus support a claim of retaliation. I find from the foregoing that Plaintiff has stated a plausible claim of retaliation, and that Defendants' motion to dismiss should be denied

as to this claim. In so finding, however, I note, as did the Tenth Circuit in *Smith*, that does not mean that Plaintiff will prevail at a later stage of the litigation. He must still show that "but for" the retaliatory motive, the transfer would not have taken place. *Id.*

Finally, Magistrate Judge Watanabe recommended that the claims against the John Doe Defendants (Claims Four and Five) be dismissed *sua sponte* based on the statute of limitations. Plaintiff objects, asserting that this portion of the Recommendation should also be rejected. He argues that he has not been provided a scheduling conference or the opportunity for discovery. Because of this, Plaintiff contends that he has not been provided proper due process and has been unable to discover the Does' real names so that he could amend his pleadings within the statute of limitations. He contends that he has thus been prejudiced by the inability to conduct discovery, and that Magistrate Judge Watanabe's actions are an abuse of discretion and plain error. Further, he asserts that it is clearly established that the district court has a duty to assist prisoner plaintiffs in making the investigation necessary to identify proper defendants through discovery and if the court fails to provide the opportunity for discovery the claims cannot be dismissed or barred. Finally, he asserts that the doctrine of equitable tolling is applicable in connection with the statute of limitations because of the extraordinary circumstances caused by the magistrate judge not allowing him proper access to the courts and due process of law through the failure to allow Plaintiff discovery.

I find that Plaintiff's objections have merit on this issue and sustain the objections. While Magistrate Judge Watanabe is correct that the statute of limitations may have run on Plaintiff's claims, Plaintiff argues that equitable tolling may be available

to him.  The Tenth Circuit holds that the doctrine of equitable tolling may be applicable "'when flexibility is required to accomplish the goals of justice,' such as when plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Fogle v. Pierson*, 453 F.3d 1252, 1259 (10th Cir. 2006) (quotation omitted).

Here, Plaintiff has alleged that he has not been allowed any discovery in this case and that he needs such discovery in order to find out the name of the John/Jane Does who transferred him.  This may rise to the level of extraordinary circumstances under the doctrine of equitable tolling.  I am not prepared at this stage of the litigation without further briefing on the issue to say that the doctrine is inapplicable.  Further, Plaintiff cites cases saying that dismissing a complaint for failing to name John Does when a plaintiff has not been allowed to conduct discovery as to same may be error. *See, e.g.*, *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992).

I find from the foregoing that the better course is to allow Plaintiff to conduct discovery into the identity of the John Does/Jane Does at issue in his claims.  Once their identity has been revealed, Plaintiff should move to amend his complaint to add the individuals as Defendants.  If Defendants believe that the statute of limitations bars the claims against the new parties, they can raise the issue at that time or in a summary judgment motion.  Accordingly, I reject the Recommendation to dismiss the John and Jane Does at this time.

Finally, I note that Plaintiff filed a motion entitled "Motion for Relief from Judgment or Alter or Amend Judgment Pursuant to Fed.R.Civ.P. 52(b), 59(e), and 60(b)(6) on September 16, 2008.  In light of the fact that I withdrew my previous Order

Affirming and Adopting Recommendation of United States Magistrate Judge and have now considered the merits of Plaintiff's Objections, this motion is denied as moot.

Based on the foregoing, it is

ORDERED that the Recommendation on Defendants' Motion to Dismiss (Docket No. 62) and Order on Motion Requesting Findings of Fact and Conclusions of Law on the Defendant's [sic] Motion to Dismiss (Docket No. 80) filed August 20, 2008, is **AFFIRMED AND ADOPTED IN PART AND REJECTED IN PART**.  Specifically, it is **REJECTED** to the extent it recommended dismissal of the second claim and the fourth and fifth claims against the John and Jane Does.  It is **AFFIRMED AND ADOPTED** as to the remainder of the Recommendation.  It is

FURTHER ORDERED that in accordance with the above, Defendants' Motion to Dismiss (Doc. # 62 filed September 21, 2007) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Motion to Dismiss is **GRANTED** as to claim one and any claim for compensatory damages, and these claims are **DISMISSED WITH PREJUDICE**. The Motion to Dismiss is **DENIED** as to the remaining claims.  It is

FURTHER ORDERED that Plaintiff's Motion Requesting Findings of Fact and Conclusions of Law on the Defendant's [sic] Motion to Dismiss (Doc. # 80 filed June 11, 2008) is **DENIED AS MOOT**.  Finally, it is

ORDERED that Plaintiff's "Motion for Relief from Judgment or Alter or Amend Judgment Pursuant to Fed.R.Civ.P. 52(b), 59(e), and 60(b)(6)" (Doc. # 95 filed September 16, 2008) is **DENIED AS MOOT**.

Dated: September 19, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge