IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00911-WYD-MJW

MICHAEL MILLIGAN,

Plaintiff,

v.

BILL REED,
NATHAN ALGIEN,
JOHN DOE, and
ENDRE SAMU, in their individual capacities,

Defendants.

---

# RECOMMENDATION ON
# PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT
# (Docket No. 126)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Order of Reference to Magistrate Judge issued by District Judge Wiley Y. Daniel on July 9, 2007. (Docket No. 49).

This is a civil rights complaint filed by a state prisoner incarcerated within the Colorado Department of Corrections against prison officials. His claims in his Second Amended Complaint (Docket No. 19) are based upon his reclassification and transfer, which were allegedly done in retaliation for submitting complaints regarding conditions of confinement filed with the Associate Warden of the Fort Lyon Correctional Facility. Plaintiff also claims that his transfer resulted in potential substantial risk of harm and

imminent danger from violence by gang members. The Second Amended Complaint was filed on August 17, 2006.

Now before the court for a report and recommendation is the pro se plaintiff's Motion for Leave to File Supplemental Complaint. (Docket No. 126). In the tendered supplemental pleading (Docket No. 126-2), plaintiff's supplemental claims do not relate to the claims brought in his Second Amended Complaint, and the purported new events are not similar in nature to those contained in the Second Amended Complaint. Instead, in the tendered pleading, plaintiff names four new defendants and bases his new claims upon a new policy purportedly announced earlier this month allegedly which, effective January 4, 2009, imposes new limits, including reduced hours, on Kit Carson Correctional Center's law library. Plaintiff claims a violation of the First Amendment right of access to the courts and right to freedom from retaliation. He seeks declaratory, injunctive, and monetary relief.

> Rule 15(d) of the Federal Rules of Civil Procedure provides:
>
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events . . . . Such authorization should be liberally granted unless good reason exists for denying such leave, such as prejudice to the defendant . . . . Even so, such notions are addressed to the sound discretion of the trial court." Walker v. United Parcel

Service, 240 F.3d 1268, 1278 (10th Cir. 2001) (citation and quotations omitted).

This court finds that good reason exists for denying plaintiff leave to supplement. Plaintiff's claims set forth in the tendered supplemental complaint, filed over two and one half years after the filing of the Second Amended Complaint, bear no relationship to the claims contained in the Second Amended Complaint and involve different parties and a different prison. The new claims are not relevant to the claims pending in this action. Rather than supplementing the current complaint, it appears that plaintiff is attempting to start another action within this one and perhaps avoid the filing fee. Furthermore, a Scheduling Order has already been entered in this case, and adding new parties and totally new claims to this action at this late date would unreasonably delay resolution of this matter and unduly prejudice the defendants. Accordingly, this court recommends that the plaintiff's motion be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Motion for Leave to File Supplemental Complaint (Docket No. 126) be denied.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of**

**both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183**

**F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**

Date:  January 26, 2009    s/ Michael J. Watanabe
       Denver, Colorado    Michael J. Watanabe
                       United States Magistrate Judge