IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00911-WYD-MJW

MICHAEL MILLIGAN,

    Plaintiff,

v.

BILL REED,
NATHAN ALGIEN,
JOHN DOE, and
ENDRE SAMU, in their individual capacities,

    Defendants.

**ORDER AFFIRMING THE RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on the following motions: (1) Plaintiff's Motion for Leave to File Supplemental Complaint (docket #126), filed January 22, 2009; (2) Plaintiff's Motion Requesting Modification of Scheduling Order Deadlines (docket #120), filed January 14, 2009; and (3) Plaintiff's Motion Requesting Issuance of Subpoenas (docket #121), filed January 14, 2009). These motions were referred to Magistrate Judge Watanabe for a recommendation by Order of Reference, dated July 9, 2007, and memoranda dated January 15, 2009 and January 23, 2009. Magistrate Judge Watanabe issued a Recommendation on Plaintiff's Motion for Leave to File Supplemental Complaint, recommending that it be denied in its entirety. Magistrate Judge Watanabe also issued a minute order denying both Plaintiff's Motion Requesting Modification of Scheduling Order Deadlines and Plaintiff's Motion Requesting Issuance of Subpoenas based upon the reasoning set forth in his Recommendation.

I first turn to Plaintiff's Motion for Leave to File Supplemental Complaint (docket #126), filed January 22, 2009.  In his Recommendation, Magistrate Judge Watanabe noted that at issue is a civil rights complaint filed by a state prisoner incarcerated within the Colorado Department of Corrections against various prison officials. (Recommendation at 1.)  Plaintiff's Second Amended Prisoner Complaint was filed on August 17, 2006.  Plaintiff's claims are based upon his reclassification and transfer, which Plaintiff alleges were conducted in retaliation for submitting complaints regarding conditions of confinement filed with the Associate Warden of the Fort Lyon Correctional Facility.  (Recommendation at 1.)  "Plaintiff also claims that his transfer resulted in potential substantial risk of harm and imminent danger from violence by gang members."  (Recommendation at 1-2.)  In his motion, Plaintiff seeks to file a supplemental complaint.

Magistrate Judge Watanabe reviewed the Plaintiff's tendered supplemental pleading and found that "plaintiff's supplemental claims do not relate to the claims brought in his Second Amended Complaint, and the purported new events are not similar in nature to those contained in the Second Amended Complaint." (Recommendation at 2.)  Specifically, Magistrate Judge Watanabe found that Plaintiff "names four new defendants and bases his new claims upon a new policy purportedly announced earlier this month allegedly which, effective January 4, 2009, imposes new limits, including reduced hours, on Kit Carson Correctional Center's law library." (Recommendation at 2.)  Plaintiff also alleges a violation of his First Amendment right of access to the courts and right to freedom from retaliation.  Plaintiff seeks declaratory, injunctive, and monetary relief.  (Recommendation at 2.)

"Fed. R. Civ. P. 15(d) provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented. Motions to supplement are addressed to the sound discretion of the trial court." *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989) (citing *Reid v. Int'l Union, UAW, Dist. Lodge 1093*, 479 F.2d 517, 520 (10th Cir. 1973)). "Leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Id.*

In his Recommendation, Magistrate Judge Watanabe found that good reason exists for denying Plaintiff's motion to supplement. He found that Plaintiff's new claims, "filed over two and one half years after the filing of the Second Amended Complaint, bear no relationship to the claims contained in the Second Amended Complaint and involve difference parties and a different prison." (Recommendation at 3.) Magistrate Judge Watanabe also found that "the new claims are not relevant to the claims pending in this action. Rather than supplementing the current complaint, its appears that plaintiff is attempting to start another action within this one and perhaps avoid the filing fee." (Recommendation at 3.) Magistrate Judge Watanabe finally concluded that since a scheduling order has already been entered in this case, adding new parties and claims would unreasonably delay resolution of this matter and unduly prejudice the defendants. (Recommendation at 3.) On February 9, 2009, Plaintiff filed timely objections to the Recommendation. Since objections were filed, I will review *de novo* the specific portions of the Recommendation to which Plaintiff objects. FED. R. CIV. P. 72(b).

Plaintiff objects to the denial of his motion for leave to supplement arguing that

Magistrate Judge Watanabe's reasoning is contrary to Tenth Circuit law.  Plaintiff first argues that there is "some relationship" between his Second Amended Complaint and the supplemental claims and defendants he is seeking to add.  Plaintiff states that the "relationship exists by way of the retaliation and hindrance and interference to litigate the claims in this action."  (Objections at 3 ) (internal quotations omitted).  Plaintiff cites to several Tenth Circuit cases in support of his argument, which I find to all be distinguishable from the case at hand.

Plaintiff first cites to *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir, 1989).  In this case, the "plaintiff sought to supplement his complaint just seven days after he filed his original complaint."  *Id.*  The Tench Circuit held that "[s]ince plaintiff's motion was made promptly and concerned subsequently occurring facts relating to his original claim," the motion to supplement should have been granted.  Here, the Plaintiff filed his Second Amended Complaint over 2.5 years before he filed his motion to supplement.  Further, his new claims concern both new parties and a completely new prison.  Thus, I find that *Gillihan* is distinguishable from the facts of this case.

Plaintiff next cites to *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (holding that the defendants would be unduly prejudiced if Plaintiff's motion to supplement was granted because discovery had closed and the case was ready for trial).  Here, the discovery deadlines have expired, and the case is set for a Final Pretrial Conference on July 14, 2009, where a Final Pretrial Order will be entered and a trial date will be set.  Thus, the holding in *Walker* seems to support Magistrate Judge Watanabe's Recommendation that the present case has progressed to such an advanced stage such that the Defendants would be unduly prejudiced by allowing the

Plaintiff to add new claims and parties.

Finally, Plaintiff cites *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (holding that "the existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right also may give rise to a separate cause of action under section 1983."). Here, Magistrate Judge Watanabe is not foreclosing the Plaintiff from bringing his new claims of retaliation and improper motive. Rather, Magistrate Judge Watanabe recommended that the Plaintiff bring these new claims in a separate lawsuit since they involve new parties, new allegations, and a separate correctional facility. I find that Magistrate Judge Watanabe's Recommendation is not in conflict with *Maschner* but rather follows it.

Plaintiff next argues that although a scheduling order has been entered in this case, discovery has just begun and the addition of new parties and claims would not prejudice the Defendants. After carefully reviewing the docket, I disagree with Plaintiff's argument. I find that this matter has progressed well into the discovery phase and would prejudice the Defendants if Plaintiff were allowed to supplement his complaint. In fact, the Defendants state in their objection to Plaintiff's request dated February 6, 2009, that they have "produced approximately 317 pages of documents and identified, in response to Plaintiff's request, the individual who is believed to be 'John Doe' as Paul Cline, a case manager at CDOC Headquarters." (Resp. at 2.) The Defendants further state that they have complied with their discovery obligations and believe that "Plaintiff is either attempting to harass persons employed at the [Kit Carson Correctional] facility that currently houses him by attempting to raise new claims against them in these proceedings . . . ." (Resp. at 4.) Based on my careful review of the docket and file in

this matter, I agree with Magistrate Judge Watanabe's reasoning in his Recommendation. Plaintiff's supplemental complaint alleges new claims against new parties that are unrelated to the existing claims. Additionally, the supplemental complaint was tendered to the Court more than two and one half years after the Second Amended Complaint was filed. Finally, since the case has progressed to an advanced stage of litigation, I find that granting Plaintiff's motion would unduly prejudice the Defendants and further delay the matter. Guided by the case law and using my discretion, I find Magistrate Judge Watanabe's Recommendation on the request for leave to supplement is well supported and sound, and I agree that the motion is properly denied. Plaintiff's objections are overruled.

I now turn to Plaintiff's Motion Requesting Modification of Scheduling Order Deadlines (docket #120), filed January 14, 2009 and Plaintiff's Motion Requesting Issuance of Subpoenas (docket #121), filed January 14, 2009. On February 11, 2009, Magistrate judge Watanabe denied these motions for the reasons set forth in his Recommendation denying the motion to supplement. Accordingly, based on my analysis in this Order, I agree with Magistrate Judge Watanabe that Plaintiff's motions should be denied. Plaintiff's objections are overruled.

Based on the foregoing, it is

ORDERED that the Recommendation on Plaintiff's Motion for Leave to File Supplemental Complaint (docket #128), filed January 26, 2009, is **AFFIRMED AND ADOPTED**. Plaintiff's objections (docket #133) are **OVERRULED.** It is

FURTHER ORDERED that in accordance with the above, Plaintiff's Motion for Leave to File Supplemental Complaint (docket #126), filed January 22, 2009, is

**DENIED.**  It is

FURTHER ORDERED that Plaintiff's Motion Requesting Modification of Scheduling Order Deadlines (docket #120), filed January 14, 2009, is **DENIED.** Plaintiff's objections (docket #136) are **OVERRULED.**   It is

FURTHER ORDERED that Plaintiff's Motion Requesting Issuance of Subpoenas (docket #121), filed January 14, 2009, is **DENIED.**  Plaintiff's objections (docket #136) are **OVERRULED.**

Dated:  April 16, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge