IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00911-WYD-MJW

MICHAEL MILLIGAN,

    Plaintiff,

v.

BILL REED,
NATHAN ALGIEN,
ENDRE SAMU, and
PAUL CLINE,
    in their individual capacities,

    Defendants.

---

**ORDER AFFIRMING RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on the Plaintiff's Motions for Summary Judgment (Docket Nos. 169 and 177) and the Defendants' Combined Motion for Summary Judgment (Docket No. 192). The motions were referred to Magistrate Judge Michael J. Watanabe for a recommendation by Order of Reference dated July 9, 2007. On February 10, 2010, Magistrate Judge Watanabe issued a Recommendation that Plaintiff's motions be denied and Defendants' motion be granted. (Recommendation at 20.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation.

(Recommendation at 16.) After seeking an extension of time, which I granted, on March 17, 2010, Plaintiff filed timely objections to the Recommendation. Since objections were filed, I will review *de novo* the specific portions of the Recommendation to which Plaintiff objects. FED. R. CIV. P. 72(b).

II.     BACKGROUND

Plaintiff's Second Amended Prisoner Complaint, filed on August 17, 2006, alleges that the Defendants violated his constitutional rights. Specifically, Plaintiff asserts the following six remaining claims: (1) Claim Two - Plaintiff alleges his May, 2004 transfer by Defendants Reed and Algien was in retaliation for two written complaints in violation of the First Amendment; (2) Claim Three - Plaintiff asserts deliberate indifference by Defendant Algien as a result of the May, 2004 transfer in violation of the Eighth Amendment; (3) Claim Four - Plaintiff alleges his June 6, 2006 transfer to Limon Correctional Facility ("LCF") by Defendant Cline was in retaliation for filing the instant action in violation of the First Amendment; (4) Claim Five - Plaintiff asserts deliberate indifference by Defendant Cline as a result of the June 6, 2006 transfer in violation of the Eighth Amendment; (5) Claim Six - Plaintiff alleges retaliation by Defendant Samu when he wrote a false disciplinary charge against the Plaintiff in violation of the First Amendment; and (6) Claim Seven - Plaintiff alleges deliberate indifference by Defendant Samu when he forced Plaintiff into the general prison population with a certain inmate with whom Plaintiff had a documented custody issue in violation of the Eighth Amendment. Plaintiff seeks declaratory and monetary relief.

III.    RECOMMENDATION

Magistrate Judge Watanabe first recommends that Defendants' motion for

summary judgment be granted as to Claims Two and Three. (Recommendation at 8.) Magistrate Judge Watanabe found that Plaintiff lacks standing to bring Claims Two and Three as a result of his filing a Chapter 7 bankruptcy petition on December 13, 2004. Magistrate Judge Watanabe notes that on May 3, 2006, Plaintiff mailed his original Prisoner Complaint in this action. It was filed on May 16, 2006 while Plaintiff's bankruptcy action was pending. Magistrate Judge Watanabe stated that

> the facts that form the basis for Claims Two and Three occurred before the plaintiff filed his bankruptcy petition, and the facts that form the basis for the remaining claims occurred after such filing. Therefore, Claims Two and Three, but not the rest of plaintiff's claims, became the property of the bankruptcy estate. Id. (citing 11 U.S.C. § 541) ("Generally, a claim that arises after the debtor's petition was filed [is] not property of the bankruptcy estate."). While plaintiff claims he advised the bankruptcy trustee of this action, it is undisputed that the plaintiff did not schedule any of his claims in this case as an asset and failed to amend his schedules after discovering that these claims were not listed as assets. Assets include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It is also undisputed that the Order closing the bankruptcy case abandoned only scheduled property.

(Recommendation at 7-8.) Accordingly, based on controlling authority, Magistrate Judge Watanabe concluded that the Bankruptcy Court did not abandon Claims Two and Three in this case. Thus, they remain the property of the bankruptcy estate, and this Court lacks subject matter jurisdiction over those claims. (Recommendation at 8.)

Plaintiff objects to this portion of the Recommendation stating that

> under clearly established bankruptcy law it holds once the debtor (Plaintiff) notifies the Trustee (Kevin P. Kubie) of a potential legal claim which "might" be a legal or equitable interest of the debtor and the Trustee refuses or abandons the pursuing [sic] of it as part of the bankruptcy estate, that in and of itself, does grant the debtor (Plaintiff) standing to personally pursue those legal and equitable claims (Claims Two and Three) in his real name.

(Objection at 4.)  While I recognize Plaintiff's objection, Plaintiff failed to present any evidence to support his contention that the bankruptcy trustee refused to pursue any potential legal claims as part of the bankruptcy estate.  Accordingly, I find Magistrate Judge Watanabe's Recommendation on these claims is well reasoned and sound, and I agree that the Defendants' motion for summary judgment is properly granted as to Claims Two and Three.

Second, Magistrate Judge Watanabe recommends that Defendants' motion for summary judgment be granted as to Claim Four, which alleges a retaliatory transfer to LCF by Defendant Cline.  After carefully reviewing the evidence proffered by both parties, Magistrate Judge Watanabe found that a jury could not reasonably find that Defendant Cline retaliated against Plaintiff for the exercise of his right of access to the courts.  "Plaintiff's circumstantial evidence consists merely of temporal proximity between his filing his original complaint, which he allegedly mailed to the court on May 3, 2006, and his transfer over a month later on June 6, and his being transferred from a medium security Level III facility to a close security Level IV facility."  (Recommendation at 11.)  Magistrate Judge Watanabe further stated that standing alone, "temporal proximity between an alleged exercise of one's right of access to the courts and a transfer to another facility does not constitute sufficient circumstantial proof of retaliatory motive to state a claim."  (Recommendation at 11.)  Moreover, Magistrate Judge Watanabe reasoned that

> given plaintiff's admitted record of security concerns throughout the CDOC, as well as his demonstrated history of his requesting transfers due to such concerns, plaintiff has not shown that his filing of his original Prisoner Complaint was the "but for" cause of his transfer by Cline to a facility with a different security level.  Also, as noted by defendants,

> plaintiff has not shown that prior to plaintiff's transfer Cline was even
> aware that this case had been filed; Cline was not named as a defendant
> in the original Prisoner Complaint.

(Recommendation at 12.) Because Plaintiff made no showing that Defendant Cline had any personal knowledge of any specific security threats at the receiving facility and instead offered only speculation and conclusory allegations, Magistrate Judge Watanabe recommends granting summary judgment in Defendants' favor as to Claim Four. (Recommendation at 12.)

Plaintiff objects to this portion of the Recommendation arguing that Magistrate Judge Watanabe "ignores clearly established authorities from the Tenth Circuit and United States Supreme Courts [sic]." (Objection at 5.) Plaintiff goes on to cite a multitude of cases from many circuits without further explanation. Plaintiff further states that he need only plead a "chronology of events which may read as providing 'some support for an inference of retaliation.'" (Objection at 6.) Plaintiff also contends that Defendants "have lied to the Court regarding the Plaintiff's being transferred to the Limon Correctional Facility as a result of custody issues . . . ." (Objection at 7.) I find Plaintiff's objections to be both unpersuasive and largely unintelligible. The District Court need not consider frivolous, conclusive or general objections. *See Zumwalt v. Astrue*, 220 Fed.Appx. 770, 777-78 (10th Cir. 2007). Again, Plaintiff fails to put forth sufficient evidence to bolster his retaliation claim or show that Magistrate Judge Watanabe's recommendation was in error. Accordingly, I overrule Plaintiff's objection. I find that Magistrate Judge Watanabe's Recommendation on Claim Four is well reasoned and sound, and I agree that the Defendants' motion for summary judgment is properly granted as to that claim.

Third, Magistrate Judge Watanabe recommends that Defendants' motion for summary judgment be granted as to Claim Five, which alleges that Plaintiff's transfer to LCF by Defendant Cline constituted deliberate indifference in violation of the Eighth Amendment because Cline "knew he was placing plaintiff into an environment of potential and substantial risk of harm and imminent danger from violence at the hands of a certain inmate gang member who was a documented custody issue for the plaintiff." (Recommendation at 13.) Magistrate Judge Watanabe found that a "prison official cannot be liable 'unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" (Recommendation at 13) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

After weighing the evidence, Magistrate Watanabe concluded that Plaintiff's deliberate indifference claim was without merit. Specifically, one of Plaintiff's exhibits actually supports the Defendants' position by "show[ing] that Cline made an inquiry about plaintiff's custody issues." (Recommendation at 14.) Magistrate Judge Watanabe found that "plaintiff has merely offered speculation and conclusory allegations that Cline was deliberately indifferent when he transferred plaintiff to LCF." (Recommendation at 15.) Therefore, Magistrate Judge Watanabe recommends that summary judgment be granted as to Claim Five.

In his objection, Plaintiff agrees with Magistrate Judge Watanabe that the *Farmer* case applies to this claim. However, Plaintiff argues that he submitted sufficient evidence to raise a genuine issue of material fact as to this claim. Plaintiff makes

several statements with respect to inmate Justin Pottberg and argues that "[a]ll this evidence clearly 'suggests' that Defendant Cline had been exposed to information concerning the security/custody issues" posed to the Plaintiff. (Objection at 10.) These same arguments were rejected by Magistrate Judge Watanabe. Magistrate Judge Watanabe found that Plaintiff's proffered exhibits did not support his claim as they were either irrelevant or non-specific. After reviewing Plaintiff's objection, I find it lacks merit and should be overruled. Plaintiff's objection consists of self-serving conclusory allegations without any supporting authority or admissible evidence. I agree with Magistrate Judge Watanabe that Defendants' motion for summary judgment should be granted as to Claim Five.

Finally, Magistrate Judge Watanabe recommends that summary judgment be granted in Defendants' favor as to Claims Six and Seven. In these claims, Plaintiff alleges Defendant Samu retaliated against Plaintiff by writing a false disciplinary charge after Plaintiff raised a custody inmate issue. Plaintiff further contends that Defendant Samu was deliberately indifferent when he forced Plaintiff into general population with a certain inmate with whom Plaintiff had a documented custody issue. Magistrate Judge Watanabe found that "Plaintiff's two claims against Samu are based upon speculation and not supported by the evidence submitted. More specifically, there is no showing that Samu filed a false report which stated his conclusions regarding plaintiff's custody issue or that he showed deliberate indifference in directing plaintiff to go into general population." (Recommendation at 17.) After carefully considering all of the evidence, Magistrate Judge Watanabe concluded that

> Samu did investigate plaintiff's security concerns, including contacting

> Inspector Pottorff at plaintiff's request. There has been no showing that Samu knew of actual facts from which he could infer that a substantial risk of serious harm existed and that he actually drew that inference. As noted above, the subjective standard of deliberate indifference requires a culpable state of mind on the part of the official. It is not satisfied by negligence, or even gross negligence as defined by civil law. Plaintiff's conjecture that Samu's report was false and that Samu was deliberately indifferent is not enough to defeat defendants' supported motion for summary judgment.

(Recommendation at 19.)

In his objection, Plaintiff cites legal authority and puts forth more conclusory and self-serving statements with no evidentiary support. I reject this argument and agree with Magistrate Judge Watanabe's detailed analysis and conclusion that Defendants' motion for summary judgment should be granted as to Claims Six and Seven. Plaintiff's objection is overruled. Accordingly, I find that Magistrate Judge Watanabe's Recommendation is well-reasoned and proper and that summary judgement should be entered in favor of the Defendants on all of Plaintiffs' claims. To the extent that Plaintiff asserts any other objections, they are overruled as general, conclusory statements without citing any proper support.

IV.     CONCLUSION

After carefully reviewing Magistrate Judge Watanabe's Recommendation and Plaintiff's objections, I agree with Magistrate Judge Watanabe that Defendants' motion for summary judgment should be granted for the reasons stated in both the Recommendation and this Order. Based on this ruling, I also agree with Magistrate Judge Watanabe that Plaintiff's motions for summary judgment should be denied. Magistrate Judge Watanabe's Recommendation is thorough, well reasoned and is adopted. For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge (docket #221) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Combined Motion for Summary Judgment (docket #192) is **GRANTED**. It is

FURTHER ORDERED that Plaintiff's Motions for Summary Judgment (dockets #169 and #177) are **DENIED**. It is

FURTHER ORDERED that this matter is **DISMISSED.**

Dated: March 19, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge